IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00643-FDW
(3:15-cr-00023-FDW-1)

| | |
|---|---|
| GLOVER ISABELL RUIZ-PENA, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

GLORIA ISABELL RUIZ-PENA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

**ORDER**

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which she filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On February 6, 2015, Petitioner was charged by bill of information with one count of conspiracy to manufacture with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Petitioner elected to waive her right to an indictment and entered into a plea agreement in which the parties agreed the amount of heroin known to or reasonably foreseeable to Petitioner was at least three kilograms but less than 10 kilograms. The Government filed a Factual Basis in which Petitioner stipulated that she was involved in the drug trafficking trade in the Charlotte area and that approximately fourteen (14) pounds of heroin was discovered in her house following a search by DEA agents. (3:15-cr-00023, Doc. No. 3: Factual Basis).

On February 20, 2015, Petitioner appeared before U.S. Magistrate Judge David S. Cayer and her plea was accepted following a thorough Rule 11 colloquy, and her case was then referred

1

to the U.S. Probation Office for preparation of a presentence report (PSR). In applying the 2014 version of the U.S. Sentencing Guidelines Manual (USSG), the probation officer calculated a base offense level of 32 due to the amount of heroin involved in the conspiracy, and noted a two-level reduction may apply under USSG § 5C1.2. If this safety valve reduction applied, Petitioner would be subject to a term of 70-87 months based on a total offense level of 27 and a criminal history category of I.

On September 9, 2015, Petitioner appeared for her sentencing hearing and the Court granted the Government's USSG § 5K1.1 motion for substantial assistance and she was sentenced to a term of 46-months' imprisonment and she did not appeal. (Id., Doc. No. 20: Judgment; Doc. No. 21: Statement of Reasons at 2).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner contends she is entitled to sentencing relief based on Amendment 794 to USSG § 3B1.2. (3:16-cv-00643-FDW, Doc. No. 1: Motion to Vacate at 4). Amendment 794 altered the commentary to § 3B1.2 to address what the Commission considered was an inconsistent application of the mitigating role reduction for low-level

offenders. In particular, the amendment added a non-exhaustive list for the court to consider when determining whether to apply the guideline and to what extent. See USSG § 3B1.2 cmt. n.3(C) (2015). The Commission made the amendment effective for defendants sentenced on or after November 1, 2015. Petitioner was sentenced on September 9, 2015, thus even if her claim were not subject to dismissal for the reasons discussed below she would still not have benefitted from Amendment 794.

> The Antiterrorism and Effective Death Penalty Act provides, in relevant part that:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner brought this claim for sentencing relief as a motion pursuant to § 2255, however her requested sentencing relief is not cognizable in a § 2255 proceeding. Even if it is assumed that it was error because the 794 Amendment was not in place at the time she was sentenced, any such omission would not implicate the provisions of § 2255(a).

In other words, such an error (1) would clearly not be unconstitutional; (2) would not affect the court's jurisdiction to impose Petitioner's sentence; and (3) would not result in a sentence in excess of the maximum allowed by law, which in Petitioner's case was no less than 10 years nor more than life imprisonment pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). See, e.g., Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 2890 (2015) (noting ordinary errors in the

3

guidelines are not cognizable in § 2255 proceedings); United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (requiring "extraordinary circumstances" to present collateral attack under § 2255).

Finally, to the extent she is seeking relief under Amendment 794, Petitioner must present this motion for sentencing relief, if at all, pursuant to 18 U.S.C. § 3852.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's claim for relief is not cognizable in a § 2255 proceeding; therefore the Motion to Vacate will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: November 29, 2016

Frank D. Whitney
Chief United States District Judge